

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL EDWARD MANES,

        Petitioner,                       Civil No. 2:07-CV-11716
                                                HONORABLE AVERN COHN
                                                UNITED STATES DISTRICT JUDGE

v.

THOMAS K. BELL,

**FILED**
APR 2 3 2007
CLERK'S OFFICE, DETROIT-PSB
U.S. DISTRICT COURT

        Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN

Daniel Edward Manes, ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his 2001 convictions out of the Charlevoix County Circuit Court for assault with intent to do great bodily harm and first-degree home invasion. In the interests of justice, the Court concludes that the proper venue for this petition would be in the Western District of Michigan and will therefore order that the petition be transferred to that district.

## I. DISCUSSION

28 U.S.C. 28 U.S.C. § 2241 (d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-20 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*. *See Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

In the present case, petitioner was convicted in the Charlevoix County Circuit Court in Charlevoix, Michigan and is presently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, both located in the Western District of Michigan. Because both the place of conviction and the locale of incarceration are in the Western District of Michigan, the only proper place of venue would be that district. *See Gist v. Henderson*, 401 F. Supp. 819, 819 (W.D.N.Y. 1975). Because petitioner's conviction was imposed in a state court that was not located in the Eastern District of Michigan and petitioner is not presently in custody in this district, the Court will transfer the matter to the Western District of Michigan pursuant to § 2241(d). *See Dilworth v. Johnson*, 215 F. 3d 497, 499, n. 1 (5th Cir. 2000).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

**HON. R. STEVEN WHALEN**
UNITED STATES MAGISTRATE JUDGE

DATED: 4/23/07

2